**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LINCOLN BENEFIT LIFE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2196 |
| | § | |
| MARTIN ADA MANGLONA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This suit began as an interpleader action filed under 28 U.S.C. § 1335(a).  (Docket Entry No. 1).  The insurer and stakeholder, Lincoln Benefit Life Co., faced conflicting claims to a life-insurance policy issued to Florence Manglona.  (*Id.*).  The claimants are Martin Ada Manglona, the ex-husband of the deceased insured, and the insured's surviving children (the "Children").  (*Id.*).  They dispute whether the ex-husband or the Children are entitled to the $400,000 in proceeds.  (*Id.*).

The minimal diversity required under § 1335(a) was met.  Lincoln is a Nevada corporation. (Docket Entry No. 1 at 1).  One of the claimants, Martin Ada Manglona, is a citizen of Guam. (Docket Entry No. 21 at 2).  The why realignment was unnecessary.  (Docket Entry No. 20, "Minute Entry").  Instead, the Children filed a cross-claim against Martin Ada Manglona, (Docket Entry No. 29), who moved to strike it, (Docket Entry No. 30).  The Children responded to the motion to strike and moved to amend.  (Docket Entry No. 31).  Martin Ada Manglona responded and opposed the motion for leave to amend, (Docket Entry No. 32), which led to a surreply, (Docket Entry No. 34). In addition, the Children moved for summary judgment as to the claims Martin Ada Manglona pleaded in his answer, (Docket Entry No. 36), and he replied, (Docket Entry No. 39).

Based on the pleadings, motions, record, and law, this court:

- realigns the parties, making Martin Ada Manglona, the insured's ex-husband, the plaintiff, and the Children the defendants, which results in complete diversity;

- denies the Children's motion for summary judgment dismissing Martin Ada Manglona's claims;

- grants the Children's motion for leave to amend to assert certain additional claims; and

- dismisses Martin Ada Manglona's motion to strike the cross-claim as moot.

The reasons for these rulings are set out below.

## I.    Background

While married to Martin Ada Manglona and living in Guam, Florence Manglona applied for and obtained a life insurance policy (the "Policy").  (Docket Entry No. 1, Ex. B).  The Policy designated Martin Ada Manglona as the beneficiary and the surviving Children as the contingent beneficiaries.  (*Id.* at 12).  The Policy included a choice-of-law clause stating: "This policy is subject to the laws of the state where the app[lication] was signed."  (*Id.* at 10).

In 2011, Florence Manglona obtained a divorce from Martin Ada Manglona in Texas.  (Docket Entry No. 1, Ex. E).  Both parties signed the final divorce decree, which included an agreement dividing property.  (*Id.*).  The agreement did not specifically refer to the previously issued Policy.  (Docket Entry No. 1 at 4).  Florence Manglona died in April 2013 in Houston, Texas.  (Docket Entry No. 1, Ex. C).  After receiving conflicting claims to the Policy proceeds from the ex-husband and from the Children, Lincoln sued to resolve the conflict.  (Docket Entry No. 1).  This court granted Lincoln's motions to deposit the Policy proceeds, in the amount of $400,000, (Docket Entry No. 7), and to dismiss Lincoln from the lawsuit, (Docket Entry No. 23).

2

## II.      Analysis

### A.      Realigning the Parties

The first issue is realignment.   "In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute."  *Griffin v. Lee,* 621 F.3d 380, 388 (5th Cir. 2010) (internal quotation marks and citation omitted).  "[T]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side."  *Id.* (citation omitted).  "This test is meant to ensure that there is an actual, substantial, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."  *Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC,* No. 3:07-cv-0102-D, 2007 WL 2229050, at *4 (N.D. Tex. Aug. 3, 2007) (Fitzwater, J.) (quoting *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984)).  "[R]ealignment is to be determined according to the principal purpose of the suit and the primary and controlling matter in dispute."  *Lowe,* 723 F.2d at 1178 (internal quotation marks and citation omitted).

Once the insurer holding Policy proceeds subject to conflicting claims is dismissed, the usual step is to realign the claimants.  The "principal purpose" of this suit is to determine which set of claimants — the ex-husband or the Children of the insured — is entitled to the life-insurance proceeds.  The parties are realigned to make the ex-husband the plaintiff and the Children the defendants.

### B.      The Children's Motion for Summary Judgment

The Children moved for summary judgment on the basis that Texas law applies to the

3

division of marital property. The Children argue that when the divorce was granted in Texas, Martin Ada Manglona subjected himself to the jurisdiction of the Texas family court by entering into an agreement to divide the marital property and signing the agreed divorce decree. (Docket Entry No. 36).

Under § 9.301 of the Texas Family Code, if an insured designates his or her spouse as a beneficiary to a life insurance policy and they subsequently divorce, the designation of the former spouse is not effective unless one of three conditions is met. Tex. Fam. Code § 9.301 (West 1997). These three conditions are: the decree designates the insured's former spouse as the beneficiary; the insured re-designates the former spouse as the beneficiary after the divorce is issued; or the former spouse is designated to receive the proceeds for the children or dependents of either former spouse. *Id*. If none of the conditions are met, a final divorce automatically revokes the status of the designated spouse as a beneficiary and terminates his or her right to the life insurance proceeds of the former spouse. *Id.*

None of these conditions were met here. As a result, if Texas law applies, Martin Ada Manglona lost his right as a beneficiary when he and Florence Manglona divorced. The Children of Florence Manglona assert that Texas law applies because she obtained the divorce in Texas and Martin Ada Manglona agreed to the property division in the decree. The Children assert that they, not their mother's ex-husband, are entitled to the proceeds.

The Policy contains a provision that selects the law of the place where the insured applied for the Policy as the law governing any contractual disputes. (Docket Entry No. 1, Ex. B at 10). The provision states: "This policy is subject to the laws of the state where the app[lication] was signed. If any of the policy does not comply with the law, it will be treated by [Lincoln] as if it did." (*Id.*).

4

The Policy also states that the "beneficiary is as stated in the app[lication] unless changed." (*Id.* at 7). The Policy gives instructions for changing the beneficiary designation, with a statement that the death benefit will be paid "according to the most recent written instructions we have received from [the insured]." (*Id.*). The application designated Martin Ada Manglona as the primary beneficiary and the surviving Children, in equal shares, as the contingent beneficiaries. (*Id.* at 12). The application was made in Guam. (*Id.* at 15). The beneficiary designation was not changed after the divorce. (Docket Entry No. 1, Ex. D at 2).

Martin Ada Anglona disputes that Texas law applies. He asserts that Guam law applies to the insurance contract under the choice-of-law provision. Guam follows the majority rule that divorce does not affect an ex-spouse's beneficiary status. Kristen P. Raymond, Note, *Double Trouble – An Ex-Spouse's Life Insurance Beneficiary Status & State Automatic Revocation upon Divorce Statutes: Who Gets What*, 19 CONN. INS. L.J. 399, 407 (2012-2013). Under the majority rule, the insurance contract terms are upheld if the ex-spouse is still listed as the beneficiary and the policy terms do not condition the ex-spouse's beneficiary status on the continuance of the marriage. *Id.* The designated beneficiary remains the beneficiary after he becomes an ex-spouse. *Id.* If Guam law applies, Martin Ada Manglona is entitled to the proceeds, not the Children.

The Children argue that Texas law applies because Martin Ada Manglona appeared in a Texas court in the divorce action and subjected himself to Texas law on the division of the marital estate. Martin Ada Manglona argues that the insurance contract's choice-of-law provision governs, making Guam law — the law of the place where the application was made — apply.

"In making a choice of law determination, a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state, here Texas." *Mayo v. Hartford Life Ins. Co.,*

354 F.3d 400, 403 (5th Cir. 2004) (citing *Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).   Texas courts typically enforce contractual choice of law provisions.  *Smith v. EMC Corp.,* 393 F.3d 590, 597 (5th Cir. 2004); *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 705 (5th Cir. 1999); *Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990); *Quicksilver Res., Inc. v. Eagle Drilling, LLC,* 792 F.Supp.2d 948, 951 (S.D. Tex. 2011).

Texas has adopted § 187 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS.  Texas law enforces a contractual choice-of-law provision if the issue raised is "one which the parties could have resolved by an explicit provision in their agreement."  *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677-78 (Tex. 1990).  Even if the issue could not have been resolved with a provision in the agreement, Texas courts will enforce choice-of-law provisions if the law of the chosen state has a reasonable relationship with the parties and is not contrary to a fundamental policy of the forum.  *Caton*, 896 F.2d at 943; *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677-78 (Tex. 1990); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187.

The conflict between the Children and Martin Ada Manglona could have been prevented by including an explicit provision in the insurance contract.  A provision requiring re-designation of the beneficiary after a divorce between the insured and the original beneficiary would have resolved the issue.  The choice-of-law provision is enforceable under Texas law.

The Children do not identify legal authority supporting their argument that Texas law, which would invalidate the beneficiary designation because the beneficiary and insured later divorced in Texas, trumps the contract's selection of Guam law, which would uphold the contract's beneficiary designation designation despite the later divorce.  Applying Texas choice-of-law rules recognizes the insurance contract provision making Guam law apply to the dispute over whether the beneficiary

designation remains valid after the beneficiary and insured divorced, regardless of whether the divorce occurred in Texas or in Guam.

The Children's motion for summary judgment dismissing Martin Ada Manglona's claim to the proceeds by on the basis of § 9.301 of the Texas Family Code is denied.

### C.       The Motion for Leave to Amend, the Motion to Strike, and the Motion for a Jury Trial

The Children have moved for leave to amend to assert a claim for fraud on the community estate. (Docket Entries No. 29, 31).  In response, Martin Ada Manglona argues that Texas law does not recognize such a claim, citing *Schlueter v. Schlueter*, 975 S.W.2d 584 (Tex. 1998).  (Docket Entry No. 32).  The Children argue that the relief they seek is consistent with Texas law because they do not assert an independent claim for damages, but rather seek to obtain "recoupment" of the community property lost as a result of the alleged wrongful conduct.  The Children have also moved for leave to amend to allege that the proceeds at issue are part of the marital estate that was not addressed in the divorce decree.  The Children argue that the rights to those proceeds must be determined in this proceeding.  (Docket Entries No. 29, 31).  Martin Ada Manglona opposes the motion on the basis that the Children are seeking a division under § 9.203(a) of the Texas Family Code.  (Docket Entry No. 32).

The interpleader action requires this court to determine the conflicting claims to the insurance proceeds.  This determination will be based on the Policy language, including the beneficiary designation, the Policy language on the effect of a beneficiary designation, and the results of applying the choice-of-law rules.  The Children's motion for leave to amend to allege that this court must decide whether the ex-husband or the Children are entitled to the $400,000 in life-

insurance proceeds is granted.  Because the Children are asking this court to do more than rule on the conflicting claims to the insurance proceeds, the motion for leave to amend is denied.  The Children's motion for leave to amend is denied to the extent it seeks to allege that this court must decide community property issues beyond the conflicting claims to the insurance proceeds.

Finally, Martin Ada Manglona has sought a jury trial.  (Docket Entry No. 30).  The interpleader action seeks a declaratory judgment as to entitlement to the insurance proceeds. (Docket Entry No. 1).  There is no entitlement to a jury trial on this claim.  The motion is denied.

## III.   Conclusion

The parties are realigned.  The surviving beneficiary — the insured's ex-husband — is the plaintiff, and the Children are the defendants.  The motion to strike the Children's cross-claim is denied.  The Children's motion for summary judgment is denied.  The Children's motion for leave to amend to allege fraud on the community estate, seek a division of community assets, and other claims, is denied.  Martin Ada Manglona's motion for a jury trial is denied.

A status and scheduling conference is set for **July 28, 2014**, at 8:30 a.m. in Courtroom 11-B.

SIGNED on July 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge